UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LLOYD KING,

    Applicant,

v.                                                  CASE NO. 8:14-cv-2278-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
                                           /

**O R D E R**

King's application for the writ of habeas corpus under 28 U.S.C. § 2254 was dismissed because the application was untimely and because King showed no entitlement to a delayed start of the limitation based on newly discovered evidence. (Doc. 20) King "opposes" the order, which paper is construed as a motion to alter or amend a judgment under Rule 59(e), Federal Rules of Civil Procedure. (Doc. 21)

Rule 59(e) authorizes a motion to alter or amend a judgment after the judgment's entry. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*quoting In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). A party seeking reconsideration

must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993).

The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). A party cannot use "a Rule 59(e) motion to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d at 1343 (*quoting Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). King's Rule 59(e) motion reiterates the basis for his asserting entitlement to a delayed federal limitation under Section 2244(d)(1)(D), which argument is rejected in the earlier order. King neither asserts an intervening change in controlling law nor demonstrates a manifest error of law or fact resulting from the denial of his Section 2254 application. *See Arthur v. King*, 500 F.3d at 1343.

King also asserts entitlement to equitable tolling of the limitation. The federal limitation is not jurisdictional, and, as a consequence, the one-year limitation established in Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement — due diligence — but not the

second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, a "petitioner's lack of diligence precludes equity's operation," 544 U.S. at 419, but "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted). To satisfy the second requirement, the petitioner must show extraordinary circumstances both beyond the petitioner's control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

As discussed in the earlier order, King's claim — that newly discovered evidence proves that a "deal" was in place when his co-defendant testified against him at trial — was raised only during his sentencing and in his motion for rehearing on direct appeal, not in one of his several post-conviction proceedings. As a consequence, no "extraordinary circumstance" precluded King from asserting his claim in a timely Section 2254 application.

Accordingly, King's motion to alter or amend judgment (Doc. 21) is **DENIED**.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

King is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, King must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly time-barred and because King can meet the requirements neither for a delayed start of the limitation nor for equitable tolling, King cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because King is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  King must pay the full $505 appellate filing fee unless the circuit court allows King to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 17, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE